**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 10 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| MARK YI, an individual, as successor in interest to OE SUN YI,<br><br>                  Plaintiff-Appellant,<br><br>  v.<br><br>CIRCLE K STORES INC., a Texas corporation,<br><br>                  Defendant-Appellee. | No.   17-55971<br><br>D.C. No.<br>2:16-cv-02171-RSWL-AJW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, District Judge, Presiding

Submitted December 5, 2018[**]
Pasadena, California

Before: O'SCANNLAIN and IKUTA, Circuit Judges, and STEEH,[***] District Judge.

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]     The Honorable George Caram Steeh III, United States District Judge for the Eastern District of Michigan, sitting by designation.

Plaintiff Mark Yi ("Yi") appeals the district court's order granting summary judgment in favor of defendant Circle K Stores Inc. ("Circle K") in Yi's diversity action alleging breach of contract and other derivative claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *JL Beverage Co., LLC v. Jim Beam Brands Co.*, 828 F.3d 1098, 1104 (9th Cir. 2016), and we affirm. Because the facts are known to the parties, we do not repeat them here.

1. The district court did not err by granting summary judgment in favor of Circle K on Yi's breach of contract claim. Yi claims that that the contract required Circle K to sell him the station for $2.611 million. However, the phrase "mutually agreeable sale" is not ambiguous, and even if it were, it could not be interpreted to mean a sale at Exxon's offer of $2.611 million because the contract did not identify a specific offer price or incorporate Exxon's offer by reference. Furthermore, there is no extrinsic evidence from which a reasonable jury could find that "mutually agreeable sale" means $2.611 million.

Yi's argument that Circle K breached the contract by failing to negotiate is likewise not successful. Though the process was drawn out, there was an offer to purchase by Yi and a counteroffer by Circle K. The record supports the conclusion that Circle K negotiated in good faith and it was Yi who ended the negotiations. "If, despite their good faith efforts, the parties fail to reach ultimate agreement on the terms in issue the contract to negotiate is deemed performed and the parties are

2

discharged from their obligations." *Copeland v. Baskin Robbins U.S.A.*, 117 Cal. Rptr. 2d 875, 880 (Cal. Ct. App. 2002).

2. We agree with the district court's determination that Yi's claim for breach of the implied covenant of good faith and fair dealing may be disregarded as superfluous to the allegations of breach of contract. On appeal Yi argues Circle K breached the implied covenant of good faith and fair dealing when it made its counteroffer to sell the station for $3.6 million. However, where the counteroffer matched an appraisal and a bona fide third-party offer, Circle K engaged in objectively reasonable conduct, which is the essence of the good faith covenant. *See Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc.*, 826 P.2d 710, 726-27 (Cal. 1992).

3. The district court did not err in granting summary judgment in favor of Circle K on Yi's unfair competition claim. Yi claims that Circle K violated California Business & Professions Code § 17200 by persuading Yi to give up his right to purchase the station in exchange for consideration that Circle K never intended to provide. To be actionable under the Unfair Competition Law, a business practice must be "independently unlawful, unfair, or fraudulent." *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1152 (9th Cir. 2008). Yi's theory is properly analyzed as a fraudulent business practice, which is defined as "one likely to deceive the public." *ESG Capital Partners, LP v. Stratos*, 828 F.3d 1023, 1039 (9th Cir. 2016). Yi points to no evidence from which a jury could find

3

that Circle K did not intend to negotiate at the time it entered the contract with Yi, much less that Circle K's contract was intended to deceive the public.

4. Finally, the district court did not err in granting summary judgment in favor of Circle K on Yi's fraudulent inducement claim. Yi argues that Circle K induced him to enter the contract by falsely promising that it would negotiate a mutually agreeable sale when it did not intend to do so. This claim does not survive summary judgment for the same reason that Yi fails to show a genuine issue of material fact regarding whether Circle K breached the contract by failing to negotiate in good faith.

**AFFIRMED.**

4